BOLIN, Judge.
Plaintiff appeals from judgment rejecting his demands for personal injuries and related special damages caused by a head-on collision between a pickup truck, in which he was riding as a guest passenger, and a large tractor-trailer unit owned by Udell Stubbs, being driven by Leonard R. Floyd and covered by liability insurance with Canal Insurance Company. Also made party to the suit is Traders & General Insurance Company, liability insurer of the pickup truck driver.
In a separate suit, consolidated with the instant case both in the lower court and on appeal, Leonard R. Floyd and Udell Stubbs sued the “Unopened Succession of Frank D. Thompson”, deceased driver of the pickup truck and his liability insurer. That suit is for personal injuries and special damages allegedly suffered by Leonard R. Floyd in the accident and for property damages to the truck-trailer unit owned by Udell Stubbs.
The accident happened in Madison Parish on a standard, two-lane, hard-surfaced highway. Mr. Thompson was driving his *389 pickup truck east. Mr. Floyd was driving the tractor-trailer unit, loaded with 32,000 pounds of steel, west. About one hour before daylight the two vehicles approached one another in the vicinity of a shallow curve in the road. It was raining and had been raining for several hours preceding the accident, causing approximately one-half inch of water to be standing in the highway. It is conceded the accident happened at, or near, the center line of the highway, and that Mr. Thompson was killed almost instantly.
The events preceding the accident are also relevant, particularly as they pertain to the charge of negligence against the deceased driver of the pickup truck. Morgan and Thompson had been jointly engaged in a drinking bout for several hours just prior to the accident. About midnight they decided to leave Tallulah and go to Vicksburg, Mississippi. It is undisputed that each had consumed a minimum of ten drinks of hard liquor shortly before Thompson and Morgan got into the pickup truck to make the trip. As the pickup truck approached the curve where the accident occurred, Morgan testified he dropped his cigarettes on the floor of the truck and was stooped over to pick them up when the actual impact occurred. For this reason he was not able to give any testimony as to how the accident happened.
The version of the accident as given by Floyd, the driver of the tractor-trailer unit, was uncontradicted by any eyewitnesses. He said he was alone in his truck; that the night was dark; that it had been raining for some time; and that for this reason he had been driving at a moderate rate of speed. He further said he was first apprised of the presence of the pickup truck when he noticed one dim light immediately in the road ahead of him; that it appeared to him a head-on collision was imminent; that he had only time to take his foot off the accelerator and put his foot on the brakes when the collision occurred; that the left front of his truck collided with the left front of the pickup truck which had invaded his right lane of travel; that the left front tire of his truck blew out; that because of the weight of his unit and the blowout of his left tire, his truck veered to the left pushing the pickup truck with it; and that the two units came to rest partially in the highway and partially on the roadbed to his left. He contends the accident was caused entirely by the negligence of the driver of the pickup truck in having only one headlight, and in driving on the wrong side of the road.
In addition to Leonard Floyd, the other witnesses gave mostly opinion testimony. The State Trooper who arrived on the scene shortly after the accident testified and although this testimony was somewhat conflicting his general opinion was the collision occurred in the pickup truck’s lane of travel. A traffic and accident expert from Baton Rouge was of the opinion the point of impact was in the lane reserved for the large truck.
A vehicle had been following the Stubbs truck for several miles immediately preceding the accident. This driver testified he ' did not notice the particulars of the accident, but did say Floyd was driving his truck in a normal manner and at a reasonable rate of speed. He did not notice any unusual manuever by the truck immediately preceding the accident.
Other witnesses testified as to the location of tire skidmarks, debris and other visible matter in the vicinity of the accident. Testimony of automobile mechanics was also tendered in an effort to prove the position of the two vehicles at the time of the impact based on the damages done to them.
After listening to all the testimony, much of which was conflicting, and observing the demeanor of the witnesses on the stand, the trial judge came to the conclusion both drivers were guilty of negligence in operating their respective vehicles partially on the wrong side of the road. After reviewing the evidence, in his written opin *390 ion, the district judge summarized his findings as follows:
“ * * * However, we are of the opinion that both vehicles were on the wrong side of the road and each was in the other’s lane of traffic. Due to the rain on the highway the drivers were unable to see the center line and in all probability both were on the wrong side of the center line when they collided.
“This Court can account for Thompson’s actions as he was under the influence of intoxicating beverages and did not know exactly where he was driving, also that he was driving at 60 miles per hour. We cannot account for Floyd’s driving as he was cold sober except for the fact that the visibility was very poor and he was in a slight curve and misjudged his location on the highway. Nevertheless this Court is convinced that both were on the wrong side of their respective lanes.”
Based upon the above findings the lower court rejected the demands of Morgan in the instant case. The reasoning of the court on this point was that Thompson’s negligence was due to his intoxication; that when Morgan got into the pickup truck with Thompson on the night of the fateful drive, Thompson was well under the influence of intoxicating liquor; that Morgan knew Thompson’s condition and was therefore precluded from recovery under defendants’ plea of assumption of risk and independent contributory negligence leveled against plaintiff’s demands. We think this ruling is correct. No citation of authority is necessary for the well-established principle of law that a guest who knowingly rides in an automobile with an intoxicated driver assumes the risk of accidental injuries received by him proximately caused by the intoxicated condition of his host driver.
The lower court rejected the demands of Floyd and Stubbs in Suit No. 10,126, Floyd v. Thompson (reported in La.App., 162 So.2d 390) on the grounds that Floyd was negligent in operating the truck on the wrong side of the road; that he, being the employee and agent of Stubbs, the agent’s negligence was imputed to the principal and, therefore, Stubbs was also precluded from recovery under defendants’ plea of contributory negligence.
After a careful review of the entire record, we can find no error in the conclusions reached by the trial judge. The evidence was conflicting and we are not able to say the trier of facts committed manifest error in deciding the case as he did. While this Court’s independent study of the record might leave us with some doubts as to which side of the road the collision occurred, the trial judge had no such doubts. Had we been in his position we are confident we would have arrived at the same conclusion. In any event, the disputed issues on appeal present purely factual questions and, finding no errors in the proceeding below, the judgment is affirmed at appellant’s cost.
Affirmed.